UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CRAIG ROBERT MYERS, | ) | Case No. 3:17CV1008 |
| | ) | |
| Petitioner, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| JAMES HAVILAND, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| | ) | |
| | ) | |

On May 3, 2017, Petitioner, Craig Robert Myers ("Petitioner"), pro se, executed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was filed with this Court on May 15, 2017.  ECF Dkt. #1.  He seeks relief for alleged constitutional violations that occurred during his Wood County, Ohio Court of Common Pleas conviction for retaliation in violation of the Ohio Revised Code ("ORC").  *Id.*

On September 7, 2017, Respondent, James Haviland, Warden of Allen-Oakwood Correctional Institution, in Lima, Ohio, filed an Answer/Return of Writ.  ECF Dkt. #7.  On January 16, 2018, Petitioner filed a Traverse.  ECF Dkt. #41.

For the following reasons, the undersigned RECOMMENDS that the Court DISMISS Petitioner's federal habeas corpus petition in its entirety with prejudice:

I.     **SYNOPSIS OF THE FACTS**

The Sixth District Court of Appeals of Ohio set forth the facts of this case on direct appeal. These binding factual findings "shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-361 (6th Cir. 1998), *cert. denie*d, 119 S.Ct. 2403 (1999).  As set forth by the Ohio Court of Appeals, the facts are:

> Craig Myers was an inmate at the Wood County Justice Center, awaiting trial for the July 16, 2011abduction and felonious assault of his former girlfriend.  In December of 2012, attorney William Hayes was appointed by the trial court to represent Myers. He estimates that he was the fourth attorney appointed to Myers' case.

On February 21, 2013, after receiving numerous angry letters from Myers, including one that Hayes interpreted to be a threat to court personnel, Hayes filed a motion to raise the issue of Myers' competency to stand trial. He did not consult with Myers before filing the motion, reasoning that "asking a person you thought wasn't mentally well if they're not mentally well didn't make a lot of sense." He also did not immediately notify Myers after filing the motion. Myers learned of the motion from his mother.

On March 3, 2014, Myers telephoned his mother from the jail. She informed him that Hayes had told her that the filing of the motion to evaluate his competency served to halt proceedings. This made Myers irate because he had made clear to Hayes that he wanted to push the case forward to trial, prompting Hayes in January to file a motion to withdraw Myers' prior waiver of speedy trial time constraints. He told his mother: "I'm going to beat his fucking head in; that's what I'm gonna do." His mother told him to calm down and that Hayes would be visiting the next day and could talk to him about it. Myers responded: "I'm going to beat the fuck out of him tomorrow when I see his ass. I swear to God. I'm going to beat his fucking ass."

Calls made by inmates at the jail are subject to being recorded and Myers' conversation with his mother was, in fact, recorded. It was reviewed by Detective Ginnie Barta, the detective responsible for investigating the charges for which Myers was awaiting trial. On March 5, 2013, Hayes arrived at the jail, expecting to meet with his client alone in a closed interview room. Barta, however, concerned for Hayes' safety, alerted jail personnel to the fact that Myers had threatened harm to Hayes, and Hayes was instead escorted to the booking room where Myers would be separated from him by a glass barrier. During the meeting, Myers stood at the glass, shouting at Hayes.

Myers was charged with retaliation, a violation of R.C. 2921.05(A), a felony of the third degree. After a number of continuances, the case was tried to a jury on February 4, 2015. The jury found Myers guilty and the court sentenced him to 30 months' imprisonment, to be served concurrently with the sentence he ultimately received in the abduction and felonious assault case.

ECF Dkt. #7-1 at 86-87[1].

## II.    PROCEDURAL HISTORY

### A.    State Trial Court

In its January 2013 term, the Wood County, Ohio Grand Jury indicted Petitioner on retaliation in violation of ORC §§ 2921.05(A) and 2921.05(C)[2]. ECF Dkt. #7-1 at 5. The trial court arraigned Petitioner on the charge and appointed counsel to represent him. *Id*. at 7. On December 19, 2013, Petitioner's counsel filed a motion to withdraw as counsel, asserting that the Ohio Rules

---

[1]  Page numbers in this Report and Recommendation refer to the Page ID# in the electronic filing system.

[2]  The undersigned notes that the Indictment erroneously refers to ORC § 29215.05(C), which does not exist. ORC § 2921.05(C) is the penalty provision for violating ORC § 2921.05 and was therefore the statute that should have been cited.

of Professional Conduct required him to withdraw as appointed counsel for Petitioner in the retaliation case and Petitioner's other criminal case in which he was convicted of abduction and felonious assault because Petitioner was filing a claim of the ineffectiveness of counsel in his abduction and felonious assault case. *Id.* at 9-10. The trial court granted counsel's motion and appointed new counsel for Petitioner on January 15, 2014. *Id*. at 11.

On July 9, 2014, Petitioner, through counsel, filed a motion to dismiss the retaliation indictment against him. ECF Dkt. #7-1 at 13-17. Petitioner asserted that the evidence was insufficient to sustain an indictment for retaliation against him because he was not aware and did not reasonably expect that the statements he made to his mother about his attorney would be conveyed to the attorney by his mother. *Id.* at 16-17. The State of Ohio filed a brief in opposition to the motion to dismiss on July 14, 2014. *Id*. at 22-26. On July 17, 2014, the trial court denied Petitioner's motion to dismiss the indictment. *Id*. at 27-28.

Petitioner's case went to trial and on February 6, 2015, the trial court issued a journal entry indicating that the jury returned a verdict finding Petitioner guilty of retaliation and the court sentenced Petitioner to 30 months of imprisonment to run consecutively with the sentence that Petitioner was serving on the abduction and felonious assault convictions. ECF Dkt. #7-1 at 29-35.

> **B**. **Direct Appeal**

On March 5, 2015, Petitioner, through counsel, filed a notice of appeal and asserted the following assignments of error in his appellate brief:

> 1. THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO SUPPORT A FINDING BEYOND A REASONABLE DOUBT THAT APPELLANT WAS GUILTY OF RETALIATION.
>
> 2. APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED BY THE STATE AND CONTRARY TO LAW.

ECF Dkt. #7-1 at 36-67. The State of Ohio filed a brief on July 27, 2015. *Id.* at 69-83.

On January 22, 2016, the Ohio appellate court affirmed the trial court's judgment. ECF Dkt. #7-1 at 85-94.

Petitioner pro se thereafter filed a motion to certify a conflict in the Ohio appellate court, asserting that the court's decision was in conflict to other Ohio cases decided by that

court and other Ohio appellate courts.  ECF Dkt. #7-1 at 95-99.  He also filed an application for en banc consideration pursuant to Rule 26(A)(2) of the Ohio Rules of Appellate Procedure. *Id.* at 100- 102.

On February 11, 2016, the Ohio appellate court denied Petitioner's motions, explaining that it had specifically distinguished in its opinion on Petitioner's case the case that he challenged as conflicting and Petitioner incorrectly stated the holding in another case that he believed conflicted with his.  ECF Dkt. #7-1 at 104-105.

### C.     Ohio Supreme Court

On February 25, 2016, Petitioner, pro se, filed a notice of appeal to the Supreme Court of Ohio.  ECF Dkt. #7-1 at 106-108.  In his memorandum in support of jurisdiction, Petitioner raised the following propositions of law:

> Proposition of Law 1: The Sixth District Court of Appeals analysis was erroneous, as to up hold[sic] the conviction with the assumption that a sign that notifies one of a certain event that may or may not occur, is consder[sic] the same as the known and intelligent signing of a waiver.
>
> Proposition of Law 2: The Sixth District Court of Appeals analysis was erroneous, as to if Myers' threat could be constituted as an attempt to retaliate or hinder with the discharge of the attorney's duties.
>
> Proposition of Law 3: The Sixth District Court of Appeals analysis was erroneous, as to the fact the State failed to produce the third party at the time of the February 4, 2015 jury trial.
>
> Proposition of Law 4: The Sixth District Court of Appeals analysis was erroneous, as to the discharge of duties of the alleged victim (Attorney William Hayes) as the Retaliation statue[sic] R.C. 2921.05 provides an element to the charged offense.

*Id.* at 108-123.

On June 15, 2016, the Supreme Court of Ohio declined jurisdiction over Petitioner's appeal.  ECF Dkt. #7-1 at 134.

### D.     Petition to Vacate or Set Aside Judgment of Conviction or Sentence

On May 18, 2015, Petitioner filed a petition to vacate or set aside his conviction and sentence in the trial court.  ECF Dkt. #7-1 at 135-146.  Petitioner raised the following claims:

> 1.     The conviction is against the manifested[sic] weight of the evidence. When the State failed to meet the minimum requirements of the statue[sic] of Retaliation R.C. 2921.05 by failing to provided[sic]

credible witness.

States[sic] Prosecutor failed to how conveyance of alleged threat.  A requirement of the Statue[sic] of Retaliation R.C. 2921.05.

2.  Defendant was provide[sic] ineffective assistance of defense counsel. A violation of the defendants[sic] sixth amendment.  See <u>Strickland v. Washington</u>, 466 U.S. 668.

Defense Counsel was deficient when defense counsel failed to call a witness to the stand.

*Id*.  Petitioner also filed a motion for the appointment of counsel.  *Id*. at 147. The State of Ohio filed a motion to dismiss/summary judgment/answer.  *Id*. at 153-161.  Petitioner filed a response to the motion.  *Id.* at 162-172.

Petitioner thereafter filed a motion to add the following supplemental claims to his post-conviction brief:

3.  State Prosecution failed to call the key witness to testify.

Had the State called upon a key witness to determine the conveyance of the alleged threat of harm the out come[sic] of the trial would have been a different out come[sic]

4.  Petitioner was provided ineffective assistance of trial counsel.

Defense Counsel Merle Dech failed to call the defendant/petitioner's mother to the stand to testify.

5.  Petitioner was denied his Constitutional Right to confront a witness against him, to due process, and to a fair trial, when the State introduced inadmissible, prejudicial, hearsay testimony.  The State Prosecutor abused its discretion in admitting testimony of hearsay pursuant to Evid. R. 804(B)(1) because that evidence violated Defendant's confrontation rights.  The statement made by the deputy is considered second hand hearsay Evid. R. 803(4).

State Prosecution introduced the testimony of Deputy Heather Reef-Luman.  The Deputy gave testimony of a hearsay nature.

6.  Petitioner was provided ineffective assistance of trial counsel.

State Prosecution introduced the testimony of Deputy Heather Reef-Luman.  The Deputy gave testimony of a hearsay nature.  Defense Counsel Merle Dech failed to object at the time of trial.  Leading to an unfair trial for the defendant/petitioner.

7.  Petitioner was denied his Constitutional Right to confront a witness against him, to due process, and to a fair trial, when the State failed to introduced[sic] a key witness testimony. The State Prosecutor abused its discretion in failing to admit testimony of a key witness pursuant to

Evid. R. 804(B)(1) because the lack of this evidence violated Defendant's confrontation rights.

State Prosecution failed to introduce the witness that conveyed the alleged threat of harm a requirement to meet the statue[sic] of Retaliation under R.C. 2921.05.

8. Petitioner was denied his Constitutional Right to present a complete defense, to confront a witness against him, to due process, and to a fair trial, when the State failed to introduced[sic] a key witness testimony. The State Prosecutor abused its discretion in failing to admit testimony of a key witness pursuant to Evid. R. 804(B)(1) because the lack of this evidence violated Defendant's confrontation rights.
Defendant/petitioner was provid[sic] with ineffective counsel for not addressing this issue at the time of trial.

State Prosecution failed to introduce the witness that conveyed the alleged threat of harm a requirement to meet the statue[sic] of Retaliation under R.C. 2921.05.

9. Petitioner's Fifth and Fourteenth Amendment Rights were violated when the State failed to prove every element of the offense beyond a reasonable doubt.

According to the testimony of the three States' witnesses, the proposed threatening statements made by the Defendant were not discovered or conveyed to Attorney Hayes until after he had his visit with the defendant, thereby showing that the Defendant had no intention to causing the result of his words to his mother, nor did the Defendant's mother have any intention of conveying the defendant's words to Attorney Hayes.

10. Petitioner was denied his right to due process and a fair trial under the Fifth, Sixth, and Fourteenth Amendments when the court committed plain, prejudicial error in allowing the state to introduce into evidence, State's Exhibit 8, the February 13, 2013 recording of a conversation between Myers and his mother and any testimony relating thereto.

11. Petitioner was denied his Sixth Amendment right to the effective assistance of counsel when trial counsel failed to object to the admissibility of the State's Exhibit #8 as it was highly prejudicial and contained no probative value.

Petitioner's trial counsel was ineffective when he failed to object to the admissibility of the February 13, 2013 pre-recorded recording of a conversation between the defendant and his mother as the statements contained therein did not bear reference to the nature of the charge.

12. Petitioner was denied his right to due process and a fair trial when the trial court allowed the petitioner[sic] former attorney to testify as to attorney-client communication violating the 400 Series of Ohio's Rules of Evidence.

13. Petitioner was denied his Sixth Amendment right to the effective assistance of counsel when trial counsel failed to object to the

admissibility of the State's witness William (Bill) Hayes, Petitioner's former attorney, who testified as to attorney-client communication that violated the 400 Series of Ohio's Rules of Evidence.

14. Defense Counsel was ineffective for not establishing the reason for the defendant's hostility during the recorded jail call.

15. State Prosecution provided a witness that knowingly provided perjured testimony during the jury trial held for case number 2013 CR 141.

    Detective Ginnie Barta knowingly provided perjured testimony to the time of her daily functions on March 5th, 2013.

16. State Prosecution along with a Wood County Sheriff Deputy engaged in pattern of corrupt activity.  Petitioner has ineffective counsel for failing to raise this issue at trial.

17. State Prosecution along with a Wood County Sheriff Deputy Detective engaged in pattern of corrupt activity.  Counsel was ineffective for failing to raise the issue.

18. State Prosecution engaged in pattern of corrupt activity.  By singling the Defendant out.  Defense Counsel was ineffective for failing to address the jury with the following information.

19. State Prosecution engaged in pattern of corrupt activity.  Defense Counsel was ineffective for failing to raise the issue.

20. State Prosecution engaged in pattern of corrupt activity with the aid of Detective Barta and Attorney Hayes.  Attorney Hayes did not discharge
    his duties as a defense Attorney.

21. The (2) two state prosecutor's[sic] committed acts of prosecution misconduct which violated the defendants[sic] due process rights to a fair trial.

    State prosecutor's[sic] knowingly provided a fabricated testimony from a Wood County Deputy Sheriff during the states[s] jury trial conducted on February 4, 2015 which deprived the defendant the right to a fair trial.

22. State Prosecution failed to show probable cause to procure and[sic] indictment for the charged offense of Retaliation under the R.C. 2921.05 statue[sic].

23. Petitioner was denied his right to the effective assistance of counsel, due process and a fair trail[sic] due to the cumulative effect of the inadmissible character evidence that was permitted to come before the jury due to defense counsel's negligence and ineffectiveness.

    Petitioner was not given a fair trial as the State used inadmissible evidence to attack the defendant's character in order to paint the defendant as a[sic] angry person to the jury in order to secure the conviction of retaliation.

ECF Dkt. #7-1 at 173-301. The Ohio appellate court granted the motion to supplement. *Id.* at 380-31. The State of Ohio filed a motion to dismiss/summary judgment/answer on November 20, 2015. *Id.* at 302-317. Petitioner filed a response. *Id.* at 318-332.

On April 27, 2016, the trial court denied Petitioner's motions. ECF Dkt. #7-1 at 333-340.

On May 19, 2016, Petitioner filed a notice of appeal of the trial court's denial of the post-conviction motions. ECF Dkt. #7-1 at 341. In his appellate brief, Petitioner asserted the following assignments of error:

> 1. Trial Courts'[sic] analysis of res judicata was erroneous, when ruling on claims number 14, 16, 17, 18, 19, and 20. The Trail[sic] Court failed to consider the fact that the finder of fact should have been informed that the Defendant was being singled out for malicious prosecution during pretrial proceedings. The jury should have been well informed that the Defendant's bond had been revoked unlawfully, and that the Defendant was held in jail unlawfully at the time of the March 4, 2013 recorded phone call. Evidence of a pattern of corrupt activity between State Prosecution and Defense Counsel William Hayes and Sheriff Deputy Detective Ginnie Barta certainly would have changed the verdict of the February 4, 2015 trial. Violating the Defendant's due process right as to a fair trial.
>
> 2. Trial Courts[sic] analysis of res judicata was erroneous, when ruling on claims number 1, 3, 7, 8, 9, 15, 21, 22, and 23. The Trial Court has failed to up hold the standard as to exculpatory evidence rule. State Prosecution failed to present the video surveillance footage of the Wood County Justice Center for March 5, 2013. Introduction of hearsay, as well as perjured testimony from both State Witness's[sic] was prejudice to the Defendant violating his due process as to a fair trial.
>
> 3. Trial Courts[sic] analysis of res judicata was erroneous, when ruling on claims 1,3. The Trail[sic] Court failed to review that the person and third party that conveyed the[sic] alleged threat of harm to the[sic] Attorney Hayes has never been established and is outside of the record. Violating the Defendant's due process right as to a fair trial.
>
> 4. Trial Courts[sic] analysis of res judicata was erroneous, when ruling on claims number 10, 11, 12, and 13. Trial Court allowed the introduction of material evidence that failed to establish probative value as to the charged offense. Violating the Defendant's due process right as to a fair trial.

*Id.* at 350-371.

On March 31, 2017, the Ohio appellate court affirmed the trial court's denial of

-8-

Petitioner's post-conviction relief petition and motions. ECF Dkt. #7-1 at 385-391.

On April 17, 2017, Petitioner filed a notice of appeal to the Supreme Court of Ohio. ECF Dkt. #7-1 at 392-393. In his memorandum in support of jurisdiction, Petitioner alleged the following propositions of law:

> 1. The Sixth District Court of Appeals failed to review relevant evidence, and information as to why the Defendant was in custody, as the Defendant was held in the Wood County Justice Center unlawfully, after the Trial Court violated the Defendant[sic] due process rights in the conducting of a bond revocation hearing for Case No. 2011 CR 364.
>
> 2. The Sixth District Court of Appeals decision as to claims 2, 5, 6, 7, 8, 9, 15, 21, 22, and 23 was erroneous as the evidence,[sic] and information was outside the record.
>
> 3. The Sixth District Court of Appeals decision as to claims 1, 3, and 4 was erroneous as the evidence,[sic] and information was outside the record.
>
> 4. The Sixth District Court of Appeals decision as to claims 10, 11, 12, and 13 was erroneous as the evidence,[sic] and information was outside the record.

*Id.* at 394-410. The State of Ohio filed a responsive brief. *Id.* at 418-425. Petitioner filed a motion to strike the State of Ohio's response. *Id.* at 426-428.

### E. Ohio Appellate Rule 26(B) Application for Reopening

While his appeal to the Ohio Supreme Court was pending, Petitioner pro se filed an application for reopening of his appeal pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure in the Ohio appellate court. ECF Dkt. #7-1 at 428. In his application, Petitioner asserted that his prior appellate counsel was ineffective for failing to raise the following issues on appeal:

> 1. TRIAL COURT ERRED, IN UPHOLDING THE CONVICTION AS TO CRIM. R. 29. WHEN THE STATED[SIC] FAILED TO PROVE CONVEYANCE OF THE ALLEGED THREAT. VIOLATING THE APPELLANT'S DUE PROCESS.
>
> 2. TRIAL COURT ERRED, WHEN ALLOWING THE PERJURED TESTIMONY OF THE STATE[SIC] WITNESS'S[SIC]. THE TRIAL COURT PERMITTED HEARSAY TESTIMONY TO BE INTRODUCED. VIOLATING THE APPELLANT'S RIGHT TO A FAIR TRIAL AND DUE PROCESS.
>
> 3. TRIAL COURT ERRED, IN ADMITTING THE FEBRUARY 13,

-9-

> 2013 RECORDED PHONE CALL INTO EVIDENCE. APPELLANT WAS PROVIDED INEFFECTIVE ASSISTANCE OF TRAIL[SIC] COUNSEL.
>
> 4.    APPELLANT WAS PROVIDED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, VIOLATING THE APPELLANT'S SIXTH AMENDMENT RIGHT TO EFFECTIVE LEGAL ASSISTANCE.
>
> 5.    TRIAL COURT ERRED, WHEN TRIAL COURT FAILED TO ESTABLISH THAT THE ALLEGED VICTIM AND ATTORNEY DISCHARGED THE DUTIES OF A PROFESSIONAL ATTORNEY A REQUIREMENT OF THE STATUE[SIC] OF RETALIATION R.C. 2921.05.
>
> 6.    TRIAL COURT ERRED, IN FAILING TO DETERMINE, IF MYERS WAS COMPETENT AT THE TIME OF THE MARCH 4, 2013 RECORDED PHONE CALL, AND WAS AWARE THAT HIS ALLEGED THREAT WOULD HINDER THE ATTORNEY FROM CARRYING OUT HIS DUTIES AS A PROFESSIONAL ATTORNEY.

*Id*. at 428-455.  The State of Ohio filed an opposition brief on May 4, 2016.  *Id*. at 457-472.

Petitioner filed a reply brief on May 18, 2016.  *Id*. at 473-477.

On June 8, 2016, the Ohio appellate court denied Petitioner's Rule 26(B) application.

ECF Dkt. #7-1 at 478-486.

On June 29, 2016, Petitioner filed a notice of appeal to the Ohio Supreme Court and

asserted the following propositions of law in his memorandum in support of jurisdiction:

> Proposition of Law No. 1: The Sixth District Court of Appeals analysis was erroneous, when determining that the state failed to prove the conveyance of the alleged threat of harm, as to the Retaliation R.C. 2921.05 statue[sic], and controlling case law have established.  The Sixth District Court failed to review the Constitutional violation of due process violation, and a right to a fair trial.
>
> Proposition of Law No. 2: The Sixth District Court of Appeals analysis was erroneous, when determining the perjured testimonies of the states[sic] witness's[sic].  The Sixth District Court failed to review the Constitutional violation of due process violation, and a right to a fair trial.
>
> Proposition of Law No. 3: The Sixth District Court of Appeals analysis was erroneous, when determining the admissibility of evidence, as to the probative value, and irrelevance of the evidence and its prejudice[sic] effect. The Sixth District Court failed to review the Constitutional violation of due process violation, and a right to a fair trial.
>
> Proposition of Law No. 4: The Sixth District Court of Appeals analysis was erroneous, when determining the two prong test, as to ineffective assistance of trial counsel.  The Sixth District Court failed to review the Constitutional violation of the Defendant's Sixth Amendment, asa well as the Defendant's

-10-

due process, and a right to a fair trial.

Proposition of Law No. 5: The Sixth District Court of Appeals analysis was erroneous, when determining and reviewing the fact that the alleged victim, and appointed defense counsel failed to discharge his duties as the Retaliation statue[sic] reads.  The Sixth District Court failed to review the Constitutional violation of due process violation, and a right to a fair trial.

Proposition of Law No. 6: The Sixth District Court of Appeals analysis was erroneous, when determining if the Defendant was aware that his outburst during a private phone conversation,[sic] would interfere with the Appointed Defense Attorney's ability to discharge his duties as a public official.  The Sixth District Court failed to review the Constitutional violation of due process, and a right to a fair trial.

ECF Dkt. #7-1 at 487-514.

On September 14, 2016, the Supreme Court of Ohio declined to accept jurisdiction over Petitioner's appeal.  ECF Dkt. #7-1 at 515.

## III.  28 U.S.C. § 2254 PETITION

On May 3, 2017, Petitioner, pro se, executed the instant petition for a writ of federal habeas corpus, which was filed in this Court on May 15, 2017.  ECF Dkt. #1.  Petitioner raises the following grounds for relief:

I.  The evidence was insufficient as a matter of law to support a finding beyond a reasonable doubt that the Petitioner was guilty of Retaliation R.C. 2921.05.  As the Petitioner's conviction is against the sufficiency of the evidence presented by the State, which is contrary to law.  As this case is virtually identical to other case of Retaliation R.C. 2921.05 that have been vacated as this is nothing more than a "White Horse, Goose Case, Gray Mule Case.[sic] Which violates that Petitioner's Fifth, and Fourteenth Amendment[sic].

II.  The State failed to prove all the required elements of the crime of Retaliation R.C. 2921.05.  Violating the Petitioner's Fifth, and Fourteenth Amendments.

III.  Petitioner suffered from ineffective assistance of Trial, and Appellate Counsel.  Violating the Petitioner's Fifth, Sixth, and Fourteenth Amendments.

IV.  The State failed to prove, that the Petitioner, was competent at the time of the commission of the alleged threat, as to the Charge of Retaliation R.C. 2921.05.  A violation of the Petitioner's Fifth, and Fourteenth Amendments.

V.  Petitioner's Fifth, and Fourteenth Amendment rights were violated when the State Prosecutor, Wood County Law Enforcement, and the Alleged victim/Appointed Attorney engaged in a pattern of corrupt activity, and entrapment of the Petitioner.

VI.     Petitioner's Fifth, and Fourteenth Amendment rights were violated as the State singled the Petitioner out for malicious, and vindictive prosecution.

VII.     Petitioner's First Amendment Right was violated, as the Petitioner believed his speech, and statments[sic] were with good motive, and for justifiable ends.  Ohio Constitution I Sec. II.

VIII.     Petitioner's Fifth, Sixth, and Fourteenth Amendment rights were violated, when the state failed to establish that the appointed attorney was a victim of Retaliation R.C. 2921.05, as the appointed defense counsel violated the Petitioner's sixth amendment, as the appointed counsel violated the Ohio Rules of Professional Conduct.  As it was the unprofessional actions of the appointed counsel that was the cause of the excited utterance.

ECF Dkt. #1 at 5-23.  On October 4, 2017, the Court granted Petitioner's motion to amend his federal habeas corpus petition to include the following two additional grounds for relief:

IX.     Petitioner,[sic] was unlawfully detained in the Wood County Jail at the time of the offense, as the State Prosecution moved to unlawfully revoke the Petitioner's $50,000.00 dollar[sic] bond posted for the pending case of State v. Myers, 2011 CR 364.

Petitioner would request that a copy of the October 11, 2012 bond revocation hearing for the case of State v. Myers, 2011 CR 364 be submitted to this petition, as it relates to questions asked within the case of State v. Myers, 2013 CR 141.

X.     Petitioner,[sic] suffered from ineffective assistance of Appellate Counsel, on direct appeal for the case of State v. Myers, 2016 Ohio 223, 2016 Ohio App. LEXIS 196, Appeal No. 2015 WD 017.

ECF Dkt. #9 at 1-6.  On September 7, 2017, Respondent filed an Answer/Return of Writ.  ECF Dkt. #7.  On January 16, 2018, Petitioner filed a 44-page Traverse.  ECF Dkt. #41.

## IV.    PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus.  As Justice O'Connor noted in *Daniels v. United States*, "[p]rocedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

### A.    Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations

-12-

period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgement became final. 28 U.S.C. § 2244(d)(1). The AEDPA statute of limitations is not currently at issue in this case.

### B.     Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681 citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2d Cir. 1984).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004), quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993) cert. denied, 509 U.S. 907 (1993)(quotation omitted). In *Harris v. Lafler*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528;

-13-

(2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id*. at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id*. at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d 1028, 1031-32  (6th Cir. 2009).  The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist."  *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds*, *Fay v. Noia*, 372 U.S. 391 (1963).  A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted.  *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

### C.  <u>Procedural Default</u>

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement.  *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).   In these cases, "the state judgment rests on independent and adequate state procedural grounds."  *Coleman v. Thompson,* 501 U.S. 722, 730, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).  For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment."  *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (emphasis removed).  When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition.  *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991).  In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary.  *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted under *Maupin v. Smith*, 785

F.2d 135, 138 (6th Cir. 1986).  Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule.  *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991).  Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *Coleman,* 501 U.S. at 729-30; *Richey*, 395 F.3d at 678 ("a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (even if issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises).  Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision.  *Munson v. Kapture*, 384 F.3d 310, 313-14 (6th Cir. 2004).  Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 751.  "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation.  *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985).  If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice.  *Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review federal claims:

> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D. Ohio 2004).

The above standards apply to the Court's review of Petitioner's claims.

## V.    STANDARD OF REVIEW

If Petitioner's claims overcome the procedural barriers, the AEDPA governs this Court's

-15-

review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 well after the act's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added). In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

Finally, a reviewing federal court is bound by the presumption of correctness, under which

-16-

the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Duttion*, 785 F.2d 131, 133 (6th Cir. 1986).  The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

> (e)(1)In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e).  The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine v. Torvik*, 986 F.2d 1506, 1514 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993).  The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997).  Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000).  Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

## VI.    LAW AND ANALYSIS

### A.    PROCEDURAL DEFAULT -GROUNDS FOR RELIEF NUMBERS 3-9

Respondent first asserts that the Court should decline to review Petitioner's third through ninth grounds for relief because he has procedurally defaulted them and he has not shown cause to excuse the default or resulting prejudice and he has failed to show that a fundamental miscarriage of justice will occur if these grounds for relief are not considered. ECF Dkt. #7 at 16-21.

The undersigned recommends that the Court find that Petitioner has indeed procedurally defaulted his third through ninth grounds for relief.  In his third ground for relief, Petitioner asserts that he had the ineffective assistance of trial and appellate counsel. ECF Dkt. #1 at 8-10.  The first time that Petitioner raised an ineffective assistance of trial counsel claim was in his state post-conviction relief petition which was denied by the trial court based upon the doctrine of res judicata. ECF Dkt. #7-1 at 143-147, 178-181, 185-189, 202-213, 243-250.  Petitioner had asserted that he

-17-

received the ineffective assistance of trial counsel for numerous reasons, including an assertion that at trial, his counsel failed to recall the victim, Attorney Hayes, back to the stand to question him about his visits to the jail, such as how many times he visited Petitioner at the jail, where he visited with him, and whether he was aware of any threat to him as to his last visit with Petitioner. *Id*. at 144-145. Petitioner also asserted that his counsel was ineffective for failing to: call his mother to the stand to testify, *Id*. at 179- 181; object to hearsay testimony, *Id*. at 185-187; object to certain exhibits and testimony being admitted into evidence at trial, *Id*. at 202-203, 208-209, 216-238; explain the reasons for Petitioner's hostility during the recorded phone call, *Id*. at 210-213; address the jury with certain information, *Id*. at 239-242; and for failing to raise the claim that the prosecution engaged in a pattern of corrupt activity. *Id*. at 243-249.

In denying Petitioner's post-conviction relief petition and his ineffective assistance counsel claims in particular, the Ohio trial court noted that Petitioner had new counsel on direct appeal and the court found that Petitioner's ineffective assistance of trial counsel issues were issues that did not require evidence outside of the record and were otherwise known to him before or during the pendency of his appeal and should have been raised on direct appeal. ECF Dkt. #7-1 at 336-338. The trial court found that res judicata thus barred Petitioner's ineffective assistance of counsel claims because Petitioner had the evidence available to him to present on direct appeal and nothing prevented him from doing so. *Id*. at 338.

The undersigned recommends that the Court find that Petitioner's third ground for relief is barred from consideration by procedural default. As found by the Ohio appellate court, the issues raised by Petitioner concerning the ineffectiveness of counsel were barred by res judicata as they could have and should have been raised in his direct appeal and not for the first time in a petition for postconviction relief as no evidence outside of the record was required in order to determine this claim. ECF Dkt. #7-1 at 337-338, 390. Where an Ohio court, such as the Ohio Sixth District Court of Appeals in this case, uses res judicata to bar consideration of the merits of claims raised in post-conviction proceedings because they should have and could have been raised on direct appeal, that appellate court determination constitutes "an adequate and independent state ground barring federal habeas review." *Brown v. Miller,* 2016 WL 5523926, at *6 (N.D. Ohio Sept. 29, 2016),

quoting (*Durr v. Mitchell*, 487 F.3d 423, 432, citing *Coleman v. Mitchell*, 268 F.3d 417, 429 (6th Cir. 2001) and *Seymour v. Walker*, 224 F.3d 542, 555 (6th Cir. 2000).

The Court can still consider Petitioner's constitutional arguments if the Court determines that it is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent..." *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 91 L.Ed. 2d 397 (1986). The Sixth Circuit Court of Appeals explained that the "actual innocence" exception, or the "fundamental miscarriage of justice" gateway, is open to a petitioner who submits new evidence showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Williams v. Bagley*, 380 F.3d 932, 973 (6th Cir. 2004), quoting *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)(quoting *Murray,* 477 U.S. at 496. The Sixth Circuit held that "[t]o establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*. Here, Petitioner has produced no new evidence to carry this burden. The undersigned therefore recommends that the Court find that Petitioner has procedurally defaulted his first ground for relief.

In Ground for Relief Number 4, Petitioner asserts issues relating to his competency at the time of the offense. ECF Dkt. #1 at 10. He contends that the State of Ohio failed to prove that he was competent at the time of the alleged threat for the offense of retaliation. *Id*. Petitioner did not raise this issue until he filed his memorandum in support of jurisdiction before the Ohio Supreme Court. ECF Dkt. #7-1 at 110. And he raised this issue only tangentially to his primary assertion that his defense counsel did not discharge his duties in a professional manner because he filed the motion concerning his competency without Petitioner's knowledge or approval. *Id.*

Clearly, Petitioner could have and should have raised this issue on direct appeal, as the Ohio Supreme Court will not consider issues not raised first in the lower appellate court. *State v. Jester*, 32 Ohio St. 3d 147, 154, 512 N.E.2d 962 (1987). Thus, res judicata bars Petitioner from raising this issue in his federal habeas corpus petition. Moreover, the issue was raised, was withdrawn, and is not the same issue that he presented under the same theory that he raised in his Rule 26(B).

In his fifth ground for relief, Petitioner asserts allegations of participation in a pattern of

-19-

corrupt activity and entrapment. ECF Dkt. #1 at 16. Petitioner's sixth ground for relief alleges that the State of Ohio singled him out for prosecution and engaged in malicious prosecution. *Id*. at 19. In his seventh ground for relief, Petitioner asserts that his First Amendment rights were violated because he believed that his speech to his mother was protected. *Id.* at 22. Petitioner's Ground for Relief Number 8 asserts that his defense counsel was not a victim of retaliation because counsel's unprofessional actions caused the threat that Petitioner made over the telephone. *Id*. at 25. Petitioner's ninth ground for relief alleges that he was unlawfully detained because his bond was unlawfully revoked. ECF Dkt. #9 at 1.

Petitioner raised none of the issues in Grounds for Relief Numbers 5 through 9 on direct appeal. ECF Dkt. #7-1 at 36-67. Petitioner did raise the issue concerning his defense counsel's allegedly unprofessional discharge of his duties before the Ohio Supreme Court on direct appeal.

*Id*. at 117. However, Petitioner's proposition of law was based upon on an assertion that he did not understand that his threat constituted an attempt to retaliate against his counsel for the unprofessional discharge of counsel's duties and the threat was not truly a threat. *Id*. In any event, all of these claims could have and should have been raised on direct appeal to the Ohio appellate court because the facts necessary to develop them were available on the record at the time of the appeal. *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001). Accordingly, the undersigned recommends that the Court find that Petitioner has procedurally defaulted Grounds for Relief Numbers 5 through 9. Moreover, Petitioner fails to present cause or prejudice to excuse the procedural default and he fails to establish actual innocence in order to have these grounds for relief otherwise considered on the merits.

### B.      LACK OF SPECIFICITY-GROUND FOR RELIEF NUMBER 10

Respondent also contends that Petitioner's tenth ground for relief lacks the requisite specificity to comply with Rule 2 of the Rules Governing § 2254 Cases, 28 U.S.C.A. foll.§ 2254. ECF Dkt. #7 at 23-26. However, the undersigned recommends that the Court disagree with Respondent because in his federal habeas corpus petition, Petitioner refers to the decision of the Ohio appellate court upon which his tenth ground for relief is based and the decision contains

-20-

sufficient details concerning his ineffectiveness of appellate counsel claim.

As to Petitioner's tenth ground for relief, he asserts that he "suffered from ineffective assistance of Appellate Counsel, on direct appeal for the case of State v. Myers, 2016 Ohio 223, 2016 Ohio App. LEXIS 196, Appeal No. 2015 WD 017." ECF Dkt. #9 at 4.  He indicates that he raised this issue in his post-conviction petition and in his Rule 26(B) application, and he cites the Ohio court docket numbers as 2013 CR 141 and 2015 WD 017, with the Ohio court decision dates as April 27, 2016 and June 8, 2016.  *Id*.  The undersigned finds that this ground for relief is sufficiently specific as it refers to the June 8, 2016 Ohio appellate court decision that reviewed his ineffective assistance of appellate counsel claim and denied the Rule 26(B) application by finding that appellate counsel did not deficiently perform as alleged by Petitioner, so that the first prong of *Strickland v. Washington* for ineffective assistance of counsel was not met.  ECF Dkt. #7-1 at 482-486.  The Ohio appellate court addressed each of the six claims that Petitioner asserted his appellate counsel should have raised on appeal, and the court found that each was without merit and Petitioner's appellate counsel was therefore not deficient by failing to raise the issues on appeal. *Id*.  The undersigned recommends that the Court find that Petitioner's reference to the Ohio appellate court opinion is sufficiently specific to identify Petitioner's tenth ground for relief as to the allegations of the ineffectiveness of appellate counsel.

C.     **MERITS REVIEW -GROUNDS FOR RELIEF NUMBERS 1, 2, AND 10**

1.     **GROUNDS FOR RELIEF NUMBERS 1 AND 2 - SUFFICIENCY**

In his first ground for relief, Petitioner asserts that there was insufficient evidence to support a finding that he committed retaliation under ORC § 2921.05.  ECF Dkt. #1 at 5.  He asserts that his case is "virtually identical to other case of Retaliation R.C. 2921.05 that have been vacated as this is nothing more than a "White Horse, Goose Case, Gray Mule Case.  Which[sic] violates the Petitioner's Fifth, and Fourteenth Amendment[sic]."  *Id*.  In his second ground for relief, Petitioner asserts that the State failed to prove all of the required elements of retaliation under ORC § 2921.05. *Id*. at 7.

Respondent acknowledges that Petitioner raised these claims on direct appeal.  ECF Dkt. #7 at 28.  Petitioner, through counsel, asserted on direct appeal from his conviction that the evidence

-21-

was insufficient to convict him of retaliation because ORC § 2921.05 and caselaw required Petitioner to have understood that his threatening statement would be conveyed to the victim, Attorney Hayes. ECF Dkt. #7-1 at 53-57.

The Ohio appellate court cited to the Ohio Supreme Court's holdings in *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997) and *State v. Smith*, 80 Ohio St.3d 89, 113, 684 N.E.2d 668 (1997) in addressing the claim. ECF Dkt. #7-1 at 87-88. Both of these cases cite to the United States Supreme Court's decision in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed2d 560 (1979) as to the standard for determining the sufficiency of the evidence. *Thompkins*, 678 N.E.2d at 386-387; *Smith*, 684 N.E.2d at 691.

An allegation that the verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, reh'g denied, 444 U.S. 890 (1979), and *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). In order to establish an insufficiency of the evidence claim, the relevant inquiry is "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Scott v. Mitchell*, 209 F.3d 854, 885 (6th Cir. 2000), quoting *Jackson*, 443 U.S. at 319. When reviewing the sufficiency of the evidence, a habeas court may not weigh the evidence, assess the credibility of the witnesses, or substitute its judgment for the jury. *See United States v. Jackson*, 55 F.3d 1219, 1225 (6th Cir.1995). Moreover, the inquiry is not whether the trier of fact made the correct determination of guilt or innocence, but whether it made a rational decision to acquit or convict. *Williams v. Haviland,* No. 1:05CV1014, 2006 WL 456470, *3 (N.D.Ohio Feb. 24, 2006), citing *Herrera v. Collins*, 506 U.S. 506 U.S. 390, 401-02, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993).

In determining whether the state court's determination was objectively unreasonable, the Court must first determine whether the evidence was sufficient to convict under *Jackson*. *See Pinchon v. Myers*, 615 F.3d 631, 643 (6th Cir. 2010). If sufficient evidence exists with which to convict, the inquiry ends. *Id*. If the Court finds that the evidence is insufficient to convict, then it must apply the AEDPA deference standard and determine whether the Ohio appellate court's

-22-

determination as to the trial court's verdict was "objectively unreasonable" in concluding to the contrary, keeping in mind that it is looked at "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.*, quoting *Tucker v. Palmer*, 615 F.3d 631, citing *Jackson*, 443 U.S. at 319. This is the "double layer" of deference due a state court determination about the sufficiency of the evidence. *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). A district court is not permitted to overturn a conviction merely because it would have acquitted had it acted as the finder of fact. *Brown v. Davis*, 752 F.2d 1142, 1147 (6th Cir. 1985), and *Walker v. Engle*, 703 F.2d 959, 969 (6th Cir. 1983).

Section 2921.05(A) of the Ohio Revised Code provides that

> [n]o person, purposely and by force or by unlawful threat of harm to any person or property, shall retaliate against a public servant...or an attorney or witness who was involved in a civil or criminal action or proceeding because the public servant...attorney, or witness discharged the duties of the public servant...attorney, or witness.

ORC § 2921.05(A). The Ohio appellate court in Petitioner's case cited to ORC § 2921.05(A) and Ohio caselaw in holding that the elements of the offense of retaliation to be proven were to show that Petitioner "(1) purposefully, (2) by unlawful threat of harm to any person, (3) retaliated against a public servant or attorney (4) because that person discharged his duties in a criminal proceeding." ECF Dkt. #7-1 at 89, quoting ORC § 2921.05(A); *State v. Nayar*, 4th Dist. Lawrence No. 07CA6, 2007-Ohio-6092, ¶14. The appellate court went on to cite to cases holding that the Ohio retaliation statute does not require that the threat of harm be communicated directly to the victim by the person who is making the threat. ECF Dkt. #7-1 at 89, quoting *State v. Farthing*, 146 Ohio App.3d 720, 724, 767 N.E.2d 1242 (Ohio App. 2nd Dist. 2001), and citing *State v. Welch*, No. WD-07-057, 2008-Ohio-6540 ¶ 24 (Ohio App. 6th Dist. 2008) and *State v. Glover*, No. 96888, 2012-Ohio-165 ¶ 17 (Ohio App. 8th Dist. 2012). The Ohio appellate court in Petitioner's case went on to quote Ohio caselaw which indicated that a threat will meet the Ohio retaliation statute where, "'the defendant was either aware that the threats would be communicated to the intended victim by the third person or could reasonably have expected the threats to be so conveyed." ECF Dkt. #7-1 at 89, quoting *Glover*, 2012-Ohio-165, ¶ 17, quoting *State v. Lambert*, No. 16667, 1998 WL 288957 (Ohio

App. 2nd Dist. June 5, 1998).

The Ohio appellate court also addressed Petitioner's assertion that no reasonable expectation existed that his mother would communicate Petitioner's phone threats to Attorney Hayes as Petitioner described the threats as "rants" that were made before he had time to reflect on them. ECF Dkt. #7-1 at 90.  The appellate court reviewed *State v. Welch*, 2008-Ohio-6540, a case of its own that Petitioner cited to as similar to his, which involved an appeal by Welch, who had sent mail to an inmate of the jail which contained a threat to do harm to a witness who was going to testify against Welch and the inmate, and a detective who was screening the inmate's mail by court order came across the letter. ECF Dkt. #7-1 at 90, citing *Welch*, 2008-Ohio-6540.  The Ohio appellate court noted that Welch was charged with retaliation, the same statute under which Petitioner was charged, and Welch argued that his private letter to the inmate was not a threat under the statute because he had no reason to expect that the threat would ever be communicated to the witness. *Id*. The appellate court explained that it had agreed with Welch in that case because Welch had no reason to expect that the inmate would tell the witness of the threats and Welch had no knowledge that the jail inmate's mail was being screened. *Id*.

The Ohio appellate court also reviewed the case of *Farthing*, where an inmate sent a fellow inmate a letter that said that they should rape Farthing's parole officer.  ECF Dkt. #7-1, citing *Farthing*, 146 Ohio App3d at 722. Prison postal inspectors reviewed the letter and forwarded it to a prison investigator. *Id*.  While another situation led to the parole officer being warned, the Ohio appellate court in Petitioner's case noted that the appellate court in *Farthing* found that the private letter was not a threat under the retaliation statute because the other inmate was not likely to share the contents of the letter to the parole officer. *Id.*

Reviewing the facts of Petitioner's case in light of *Welch* and *Farthing*, the Ohio appellate court held that similar to those cases, Petitioner did not directly communicate a threat to Attorney Hayes. ECF Dkt. #7-1 at 92-93.  However, the appellate court distinguished the *Welch* and *Farthing* cases because Petitioner used a telephone at the jail and signs were posted by the phone that the jail had the right to record phone calls and a recording plays during phone calls which advises the people

-24-

on the line that all calls may be recorded. *Id*. at 92. The Ohio appellate court likened Petitioner's case to another case it had decided, *State v. Reyes*, case numbers WD-09-073, WD-09-089-, 2010-Ohio-4712 (Ohio App. 6th Dist. 2010), in which Reyes told a mental health counselor at the jail that he planned on harming a sergeant who worked at the jail after the inmate had signed a waiver acknowledging that certain information that he communicated to his counselor was not confidential, such as threats to harm others. *Id*. at 92-93. The Ohio appellate court explained that in *Reyes*, it held that Reyes could have reasonably expected the counselor to convey the threat of harm to the sergeant based upon the waiver. *Id*. at 93.

Applying *Reyes*, the Ohio appellate court reasoned that Petitioner could have reasonably expected his threats of harm to Attorney Hayes to be communicated since the evidence established that the signs posted by the phone that Petitioner used made him aware that the calls were subject to recording, the automated recording during the phone call reminded Petitioner that the conversation could be recorded, and Petitioner's mother, the person on the other end of the phone to whom Petitioner conveyed the threats to harm Attorney Hayes, warned Petitioner that the phone calls were being recorded and Petitioner stated that he did not care. ECF Dkt. #7-1 at 93. The court also noted that Attorney Hayes had testified at trial that his practice was to forewarn each of his clients that the telephone calls from the jail were recorded and that the tapes of the phone calls were reviewed by the state for use at trial. *Id.* The Ohio appellate court held that based upon the numerous warnings that his calls were being monitored, Petitioner could have reasonably expected his phone calls to be monitored and that his intended victim would be warned of the threats, especially when Petitioner was meeting with Attorney Hayes in less than 24 hours of making the threats against him. *Id.* The court found irrelevant Petitioner's assertion that Attorney Hayes did not know of the threat when he met with Petitioner, instead emphasizing that it was relevant that Petitioner could reasonably expect the threats to be conveyed to Attorney Hayes, not whether Attorney Hayes knew of the threats when they met. *Id.*

Upon review of the Ohio appellate court's decision, the undersigned recommends that the Ohio appellate court's decision is not contrary to or does not involve an unreasonable application of *Jackson,* and it does not result in a decision that was based on an unreasonable determination

-25-

of the facts in light of the evidence presented in the state courts.  The appellate court cited to Ohio

caselaw, which cited to *Jackson* and the standard of review for a sufficiency of the evidence

analysis.  The Ohio appellate court set forth the requirements for a retaliation conviction under

ORC § 2921.05(A), reviewed the record and the trial court's  determination, and found that sufficient

evidence was presented in order for the trial court to find that Petitioner purposefully retaliated

against Attorney Hayes, an appointed attorney for Petitioner, because Attorney Hayes discharged his duties in Petitioner's criminal proceeding.  The appellate court stressed that the threats did not have

to be communicated directly to Attorney Hayes by Petitioner or his mother in order to constitute

retaliation, but rather, the facts that signs were posted near the jail phone, the automated recording

during the phone call that calls could be monitored, and Petitioner's mother warned him of the

recording of the phone calls, that the recordings of his threats would be monitored and action taken

to warn Attorney Hayes of the threats.  Petitioner in this case has failed to show by clear and

convincing evidence that the state court's factual findings were not entitled to presumptive

correctness or that they had no support in the record.  A federal habeas corpus court "must defer to

a state court's interpretation of its own rules of evidence and procedure when assessing a habeas

petition." *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005) (internal quotation omitted).  In order

to be entitled to federal habeas corpus relief, a petitioner must show that a state evidentiary ruling

violated more than a state rule of evidence or procedure. A petitioner must show that the evidentiary

ruling was "so egregious that it resulted in a denial of fundamental fairness." *Giles v. Schotten*, 449

F.3d 698, 704 (6th Cir. 2006), citing *Baze v. Parker*, 371 F.3d 310, 324 (6th Cir. 2004)).  In other

words, "'[e]rrors by a state court in the admission of evidence are not cognizable in habeas

proceedings unless they so perniciously affect the prosecution of a criminal case as to deny the

defendant the fundamental right to a fair trial.'" *Biros v. Bagley*, 422 F.3d 379, 391 (6th Cir. 2006)

(citing *Roe v. Baker*, 316 F.3d 557, 567 (6th Cir. 2002)). A state court evidentiary ruling does not

violate due process unless it "offend[s] some principle of justice so rooted in the traditions and

conscience of our people as to be ranked as fundamental.'" *Giles*, 449 F.3d at 704 (citing *Coleman

v. Mitchell*, 268 F.3d 417, 439 (6th Cir. 2001)).

For these reasons, the undersigned recommends that the Court find that the Ohio appellate court's decision was not contrary to or an unreasonable application of United States Supreme Court precedent or an unreasonable application of the facts of record. Consequently, the Court should find Petitioner's Grounds for Relief Numbers 1 and 2 to be without merit.

## 2. <u>GROUND FOR RELIEF NUMBER 10</u>

Petitioner asserts in this ground for relief that his appellate counsel was ineffective for failing to raise the issues on appeal that Petitioner presented in his Rule 26(B) application for reopening before the Ohio appellate court. ECF Dkt. #9 at 4-5. Respondent contends that even if the Court finds that Petitioner has provided sufficient specificity concerning this ground for relief, it is nevertheless without merit because the Ohio appellate court provided ample reasonable arguments that Petitioner's appellate counsel met the *Strickland v. Washington* deferential standard for determining the effective assistance of counsel. ECF Dkt. #7 at 26-28.

In order to prevail on an ineffective assistance of appellate counsel claim, a petitioner must show that his "counsel's representation fell below an objective standard of reasonableness" and that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also McMeans v. Brigano*, 228 F.3d 674, 682 (6th Cir. 2000). "Counsel's failure to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal." *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir.2001), *cert. denied*, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002). When a state habeas petitioner's claims are subject to the AEDPA, the standard is raised even higher because "the petitioner must show that the state court's application of *Strickland* was itself unreasonable. This amounts to a 'doubly deferential standard of review that gives both the state court and the defense attorney the benefit of the doubt.'" *Kelly v. Lazaroff*, 846 F.3d 819, 831-832 (6th Cir. 2017), quoting *Burt v. Titlow*, 571 U.S.12, 134 S.Ct. 10, 13, 187 L.Ed.2d 348 (2013) (internal quotation omitted) (emphasis added).

The undersigned recommends that the Court find that the Ohio appellate court's law and analysis as to Petitioner's assertion of ineffectiveness of appellate counsel were not contrary to or

an unreasonable application of *Strickland* or an unreasonable application of the facts of record.  The Ohio appellate court cited to *Strickland* and specifically addressed each of Petitioner's assertions of ineffectiveness of appellate counsel by analyzing the claims that Petitioner asserted his appellate counsel should have raised on appeal.  ECF Dkt. #7-1 at 482-486.  As to his first assignment of error that Petitioner asserts his appellate counsel should have raised, the Ohio appellate court found it to be without merit and therefore found that appellate counsel did not perform deficiently by failing to raise it.  *Id*. at 483.  The court noted that Petitioner wrongfully interpreted Ohio cases to state that the State of Ohio had to produce the third party who conveyed the alleged threat in order to prove retaliation.  *Id.* at 483.  The court held that the cases do not stand for the proposition that Petitioner asserted and it cited to its own holding in *Welch* that it was understood that the retaliation statute did not require the threat of harm to be communicated directly to the person threatened by the party who was doing the threatening.  *Id*. at 483, quoting *Welch*, 2008-Ohio-6540 at ¶24, quoting *Farthing*, 146 Ohio App.3d at 724.

In analyzing Petitioner's second assignment of error that he asserted his appellate counsel should have advanced, the Ohio appellate court found that Petitioner's alleged statements that he believed were wrongfully admitted because they were hearsay were not in fact hearsay and no requirement exists to confirm the testimony of witnesses.  ECF Dkt. #7-1 at 483.  Thus, again, the Ohio appellate court held that Petitioner's appellate counsel did not perform deficiently by failing to raise this meritless issue.  *Id*.  As to his third proposed assignment of error, Petitioner asserted that his appellate counsel should have raised the ineffectiveness of trial counsel in stipulating to the admission of a February 13, 2013 phone call between Petitioner and his mother because it was irrelevant concerning conveyance of a threat and it did nothing but inflame the jury and defame Petitioner.  *Id*. at 484.  The Ohio appellate court found that the phone call was highly relevant as it was during this call that Petitioner's mother warned him that his call was being recorded, which helped show that Petitioner was aware that his calls could be monitored by law enforcement and therefore, it was highly unlikely that the trial court would have excluded it because it was highly relevant.  *Id*.  The Ohio appellate court therefore found that it was not deficient performance on the part of Petitioner's appellate counsel to fail to raise this issue on appeal because even if trial counsel

-28-

would have objected to admission of the call into evidence, it was unlikely that the trial court would have excluded it.  *Id.*

The Ohio appellate court also addressed Petitioner's fourth proposed assignment of error that his appellate counsel should have raised; trial counsel ineffectiveness in failing to have Petitioner's mother testify as to the stress Petitioner was under when they were speaking on the phone and he threatened Attorney Hayes.  ECF Dkt. #7-1 at 484.  The appellate court found that the decision to not call Petitioner's mother was one of trial strategy and not to be second-guessed, so that Petitioner's appellate counsel did not deficiently perform by not raising this issue.  *Id*. at 484-485. In his fifth proposed error that appellate counsel should have raised, Petitioner asserted that Attorney Hayes did not discharge his professional duties as any attorney would have during his representation of Petitioner.  *Id.* at 485.  The appellate court took Petitioner's assertion to mean that he was trying to negate the element of the retaliation statute of Attorney Hayes' discharge of his duties by saying that his dissatisfaction with Attorney Hayes' representation negated that factor.  *Id*.  The appellate court found that Petitioner's dissatisfaction did not negate this element of the retaliation statute and therefore his appellate counsel did not deficiently perform by not raising this issue.  *Id.*

And finally, Petitioner asserted that his appellate counsel should have raised in his sixth proposed assignment of error that the trial court erred in failing to determine whether he was competent at the time of the telephone call in which he threatened Attorney Hayes.  ECF Dkt. #7-1 at 485.  The Ohio appellate court explained that the issue of competence goes to whether an individual can stand trial, which differed from insanity, which goes to a defendant's severe mental disease at the time of the commission of a crime which affected his ability to determine right from wrong.  *Id*.  The Ohio appellate court noted that competence was not at issue during the phone call and Petitioner never asserted that his sanity should have been evaluated in connection with the crime.  *Id*.  Accordingly, the Ohio appellate court again found that Petitioner's appellate counsel was not ineffective because he did not deficiently perform in failing to raise a meritless claim.  *Id*.

In sum, the Ohio appellate court found that Petitioner's appellate counsel was not ineffective under *Strickland* because he did not deficiently perform as none of the issues that Petitioner asserted his appellate counsel should have raised were meritorious and would not have changed the outcome

-29-

of his appeal.  The undersigned recommends that the Court find that Petitioner's tenth ground for relief is without merit because the Ohio appellate court did not unreasonably apply *Strickland.*

## VII.    CONCLUSION AND RECOMMENDATION

For the above reasons, the undersigned RECOMMENDS that the Court find that Petitioner's Grounds for Relief Numbers 3-9 are procedurally defaulted and his Grounds for Relief Numbers 1, 2, and 10 are without merit because the Ohio Appellate Court's determinations on the issues presented in those Grounds for Relief are not contrary to or an unreasonable application of federal law as determined by the Supreme Court of the United States or an unreasonable determination of the facts of record.

Accordingly, the undersigned recommends that the Court DISMISS the instant petition in its entirety with prejudice.  ECF Dkt. #1.

DATE: May 9, 2018                                      */s/ George J. Limbert*
                                                      GEORGE J. LIMBERT
                                                      UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).