IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Craig Robert Myers,  Case No. 3:17 CV 1008

    Petitioner,  MEMORANDUM OPINION
        AND ORDER

  -vs-

        JUDGE JACK ZOUHARY

Warden James Haviland,

    Respondent.

## INTRODUCTION

Petitioner *pro se* Craig Myers, a state prisoner, seeks a writ of habeas corpus under 28 U.S.C. § 2254 (Docs. 1, 9). The Warden answered (Doc. 7), and Myers replied (Doc. 41). The case was referred to Magistrate Judge George Limbert for a Report and Recommendation (R&R) under Local Rule 72.2(b). Myers filed nearly two dozen Motions on a variety of topics, which the Magistrate Judge addressed in detail (Doc. 44) before issuing his R&R (Doc. 46). Myers timely objected (Doc. 51) and also moved for certification of a question of state law to the Ohio Supreme Court (Docs. 45, 52). This Court reviews *de novo* those portions of the R&R challenged in the Objection. *See* 28 U.S.C. § 636(b)(1); *Hill v. Duriron Co.*, 656 F.2d 1208, 1213 (6th Cir. 1981).

## BACKGROUND

As Myers does not meaningfully object to the procedural history set forth in the R&R (Doc. 46 at 2–11), this Court incorporates those facts by reference and briefly summarizes his state court proceedings.

In February 2013, Myers was awaiting trial for the July 2011 abduction and felonious assault of his former girlfriend (Doc. 7-1 at 86). After receiving several angry letters from his client -- including a potential threat to court personnel -- Myers' court-appointed counsel moved for a competency determination (*id.*). He did not consult with Myers before filing the motion, and Myers learned of this development from his mother (*id.*). During a recorded jailhouse phone call, Myers expressed his frustration with his lawyer, telling his mother that he was going to "beat his fucking head in," among other threats (*id.*). Myers was charged with one count of retaliation.

In May 2013, Myers was convicted of abduction and felonious assault in the underlying criminal case (*id.* at 9). In February 2015, he was convicted of retaliation and sentenced to thirty months in prison, to run concurrently with his previous sentence (*id.* at 30). Myers timely appealed the retaliation conviction, and the Ohio appellate court affirmed (*id.* at 94). He unsuccessfully moved to certify a conflict and applied for en banc consideration (*id.* at 105). In June 2016, the Ohio Supreme Court declined jurisdiction (*id.* at 134).

While his appeal to the Ohio Supreme Court was pending, Myers applied to reopen his intermediate-level appeal under Ohio Appellate Rule 26(B) (*id.* at 428). The state appellate court denied the application (*id.* at 478), and the Ohio Supreme Court declined jurisdiction in September 2016 (*id.* at 515).

Meanwhile, in May 2015, Myers filed a post-conviction petition in the trial court (*id.* at 135), which was denied (*id.* at 339). Myers appealed, and the state appellate court affirmed in March 2017 (*id.* at 385). In September 2017, after the Warden filed the state court record in this case, the Ohio Supreme Court again declined jurisdiction. *State v. Myers*, No. 2017-0515 (Ohio 2017) (Sept. 13, 2017 Entry).

## DISCUSSION

Myers filed this Petition (Doc. 1) in May 2017, asserting eight grounds for relief. He later amended the Petition to include two additional grounds (Doc. 9). The R&R recommends that this Court dismiss Grounds Three through Nine as procedurally defaulted and deny Grounds One, Two, and Ten on the merits.

Myers objects to the R&R's interpretation of Ohio Revised Code § 2921.05, the retaliation statute. In short, that statute prohibits purposeful retaliation -- by force or unlawful threat of harm -- against an attorney for "discharg[ing]" his duties in a civil or criminal action. OHIO REV. CODE § 2921.05(A). Myers contends the statute is unconstitutionally vague. He asserts that the use of the past tense and the term "discharge" mean that the elements of the crime of retaliation are not satisfied unless the underlying proceeding has already terminated in a "judicial decision" (Doc. 51 at 2). And because he was not convicted in the abduction and felonious assault case until *after* the events giving rise to the retaliation charge, Myers concludes the State failed to satisfy its burden at trial (*id.* at 4). He further asserts that this interpretation of the statute establishes actual innocence to overcome the procedural default of Grounds Three through Nine (*id.* at 2).

Myers first raised this statutory interpretation argument in his Reply, in support of Grounds One, Two, Three, and Ten (Doc. 41 at 5–25, 35). He also attempted to add three independent Grounds for relief based on this theory (*id.* at 36–37, 39–42; *see also* Doc. 35). In denying the Motion to Amend (Doc. 35), the Magistrate Judge correctly noted Myers failed to raise these claims in his original Petition (Doc. 1) or prior Amendment (Doc. 9), nor did he present the argument to the state appellate court on direct review (Doc. 44 at 6).

Myers offers no explanation for failing to timely raise these claims -- based on state legislative history dating back to 1995. Moreover, this Court agrees with the Magistrate Judge that the argument is both procedurally defaulted and noncognizable on federal habeas review (Doc. 44 at 7–8). Based on this conclusion, Myers is unable to establish actual innocence to excuse the procedural default of his other Grounds for relief. The Objection is overruled.

Because this Court does not reach the merits of the statutory interpretation issue, the Motions to certify a question of state law (Docs. 45, 52) are denied. This Court notes that the Ohio Supreme Court already declined to certify the same question of law in the appeal referenced in one of the Motions (Doc. 45 at 2). *See State v. Myers*, No. 2018-0200 (Ohio 2018) (Aug. 1, 2018 Case Announcements).

## CONCLUSION

The Objection (Doc. 51) is overruled, and the Motions to certify a question to the Ohio Supreme Court (Docs. 45, 52) are denied. This Court adopts the R&R (Doc. 46) in its entirety: the Petition is dismissed in part as procedurally defaulted (Grounds Three through Nine) and denied in part on the merits (Grounds One, Two, and Ten). Further, this Court certifies an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

                                                    s/ *Jack Zouhary*
                                                    JACK ZOUHARY
                                                    U. S. DISTRICT JUDGE

August 14, 2018